UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SAMUEL H. POWELL,

    Plaintiff,

v.

DANIEL KRILL and
MONTGOMERY COUNTY
POLICE HEADQUARTERS,

    Defendants.

Civil Action No. 24-3105-TDC

## MEMORANDUM OPINION

Self-represented Plaintiff Samuel H. Powell, currently confined at the Maryland Correctional Training Center in Hagerstown, Maryland, has filed this action against Defendants Detective Daniel Krill and the "Montgomery County Police Headquarters" in which he alleges violations of his federal and state constitutional rights arising out of an incident in which his vehicle, which had been seized by Detective Krill upon execution of a search warrant, was released to an unauthorized party, found wrecked and abandoned in West Virginia, and then retitled and sold by a towing company. Detective Krill has filed a Motion to Dismiss, which is fully briefed, and Powell has filed a Motion for Appointment of Counsel. Upon review of the submitted materials, the Court finds that no hearing is necessary. See D. Md. Local R. 105.6. For the reasons set forth below, Detective Krill's Motion will be GRANTED, Powell's Motion will be DISMISSED AS MOOT, and this case will be DISMISSED.

## BACKGROUND

In the operative Amended Complaint, Powell alleges that on October 1, 2021, he was arrested in a parking lot outside of his former residence in Gaithersburg, Maryland. His vehicle, a black 2017 Chevrolet Malibu, was towed to the Montgomery County Police Headquarters and impounded, with instructions not to release the vehicle pending a search warrant. On October 5, 2021, Detective Krill applied for and received a search warrant for the vehicle from a judge of the Circuit Court for Montgomery County, Maryland ("the Circuit Court"). Although the car was searched, nothing was seized from it. Powell's sibling, who had power of attorney for him, attempted to retrieve the vehicle on several occasions, but Detective Krill refused to release the vehicle.

On October 27, 2021, without Powell's consent, Detective Krill released the vehicle to Melvin G. Ellis, Jr., who had been a government witness against Powell, and issued a "Receipt for Property Returned to Owner" form reflecting that the vehicle was "returned to Melvin Gary Ellis at the owner[']s request." Am. Compl. ¶ 9, ECF No. 14. In December 2021, the vehicle "was found wrecked and abandoned" in West Virginia and was subsequently retitled and sold by a towing company. *Id.* ¶ 11. Powell asserts that at the time of its seizure, the vehicle was subject to a lien of $10,455.00, which he will be required to pay upon his release from custody.

In the Amended Complaint, Powell alleges claims pursuant to 42 U.S.C. § 1983 ("§ 1983") for a deprivation of his rights to equal protection of the law and due process of law under the Fourteenth Amendment to the United States Constitution, and a claim under Article 19 of the Maryland Declaration of Rights. He seeks declaratory relief, $10,455.00 in compensatory damages, and $75,000.00 in punitive damages.

## DISCUSSION

### I. Montgomery County Police Headquarters

Although Defendant Montgomery County Police Headquarters, construed as the Montgomery County Police Department ("MCPD"), is not a party to the Motion, because Powell is self-represented and proceeding *in forma pauperis*, and because he is incarcerated and has sued government actors, the Court must screen the complaint and dismiss claims that are (1) frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Upon review, the Court finds that any claim against MCPD must be dismissed. Section 1983 provides that a plaintiff may file suit against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. For purposes of § 1983, a "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688 (1978). As it is Montgomery County, and not its departments and agencies, that is a proper body politic for purposes of § 1983, the Amended Complaint will be dismissed as to any claims against MCPD. *See Hines v. French*, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004) (finding that naming a county police department was improper because police departments "are not legally cognizable entities subject to suit in [their] own name" and that the proper defendant was the county itself).

Even if Powell had identified Montgomery County ("the County") as a defendant, any claim against the County would fail because there are no specific allegations against the County, and there is no vicarious liability under § 1983. *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (holding that there is no vicarious liability under § 1983). Moreover, a municipal

government may be held liable under § 1983 only for violations of federal law caused by a "custom" or "policy" of the government, but Powell has provided no allegations demonstrating that any such custom or policy caused the alleged violations. *See Monell*, 436 U.S. at 694. The claim against MCPD will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

## II.     Detective Krill's Motion to Dismiss

Detective Krill seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) based on the arguments that Powell has failed to state a claim for a violation of his constitutional rights under either the Equal Protection Clause or the Due Process Clause of the Fourteenth Amendment, and that he is entitled to qualified immunity.

### A.     Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

B.  **Equal Protection**

Detective Krill seeks dismissal of the equal protection claim on the grounds that Powell has not sufficiently alleged disparate treatment from a similarly situated person. In his memorandum in opposition to the Motion to Dismiss, Powell clarifies that his equal protection claim is based on the allegation that Ellis received more favorable treatment from Detective Krill in relation to the release of the vehicle because he had served as a government witness. The Equal Protection Clause of the Fourteenth Amendment generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To show that equal protection rights were violated, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Upon such a showing, the court must "determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* at 731 (quoting *Morrison*, 239 F.3d at 654). Where the claim of differential treatment does not relate to a protected class subject to a higher level of scrutiny, such differential treatment is constitutional if the challenged policy serves a legitimate state interest and there is a rational basis for the policy. *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989).

Here, Powell fails to state a plausible equal protection claim because the Amended Complaint does not allege facts showing that he was treated differently from similarly situated individuals due to discriminatory animus. Although Powell has alleged in his brief on the Motion that Detective Krill improperly rewarded Ellis "with [the] vehicle as a personal gift for his role" in Powell's prosecution, Opp'n at 8, ECF No. 22-1, a plaintiff may not amend the complaint

5

through additional allegations in a brief on a Motion. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (citing *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994)), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

Even if he were permitted to amend, Powell has not identified facts showing that Ellis was a similarly situated individual, which in this case would be another criminal defendant whose property had been seized and who was treated differently in relation to whether the property was returned intact. Instead, Powell asserts facts showing that Ellis was differently situated in that he was a cooperating witness who did not own any seized property. Powell's allegations therefore describe not a potential equal protection violation, but an alleged deprivation of property without due process of law. Because Powell's allegations are insufficient to state a plausible equal protection claim, that claim will be dismissed.

### C. Due Process

As for Powell's due process claim, the Due Process Clause guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a due process claim, a plaintiff must first show the existence of a protected property or liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Detective Krill acknowledges that Powell has sufficiently alleged a deprivation of a property interest based on the failure to return his vehicle to him.

Detective Krill, however, seeks dismissal of the due process claim on the grounds that sufficient state remedies were available to Powell. Generally, a deprivation of property by a state official does not violate due process if there are adequate state remedies available to redress the deprivation. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (holding that a deprivation of property that "occurred as a result of the unauthorized failure of agents of the State to follow

established state procedure" does not violate the Due Process Clause where "[t]here is no contention that the procedures themselves are inadequate" and a meaningful post-deprivation state remedy is available), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (clarifying that the holding of *Parratt* applies to intentional deprivations of property); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230 (4th Cir. 2008) (holding that because the Due Process Clause is "simply a guarantee of fair procedures," a federal due process claim for deprivation of property cannot succeed if there are available state remedies to address the deprivation). As to a deprivation of property, a "constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Mora*, 519 F.3d at 230 (quoting *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990)).

In *Mora*, the United States Court of Appeals for the Fourth Circuit found that Maryland law generally provides an adequate post-deprivation remedy to recover property lawfully seized pursuant to a law enforcement search, such that there is no Fourteenth Amendment due process violation absent a showing that the state procedures are inadequate. *Id.* at 230–31 & n.2. Specifically, the court held that a plaintiff could not advance a § 1983 due process claim seeking the return of his property from the police because he could instead pursue Maryland tort claims of conversion and trespass to chattels, or invoke the Maryland statutory right to "the return of property 'rightfully taken under a search warrant' but 'wrongfully withheld after there is no further need for retention of the property'" under Md. Code Ann., Crim. Proc. § 1–203(d)(1) (LexisNexis 2025). *Id.* at 230 & n.2.

In the Amended Complaint, Powell alleges that Detective Krill refused to release the vehicle to Powell's sibling and erroneously released it to Ellis in October 2021. However, the

Amended Complaint does not reference any attempt by Powell to seek redress through available state remedies. In his brief on the Motion, Powell states that on October 1, 2024, he filed a Motion for Return of Property in the Circuit Court, including in relation to the vehicle, and that on January 21, 2025, the court ordered that such property be returned to him. Powell has attached to his brief copies of his Motion, the State's response, and the Order of the Circuit Court. Although Powell has obtained relief from the Maryland court, he does not state whether he has sought enforcement of the Circuit Court's Order in relation to the vehicle. He also does not state whether he sought to pursue state tort claims such as those referenced in *Mora*. Where Maryland law generally provides adequate procedures to address a deprivation of property such as that alleged by Powell, and Powell has not alleged facts showing that those state remedies are inadequate, his due process claim must be dismissed without prejudice.

As Powell's federal claims will be dismissed, and where the Court lacks original jurisdiction over Powell's state law claim, the Court will decline to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Powell's claim under Article 19 of the Maryland Declaration of Rights will be dismissed without prejudice. Powell may file any state law claims relating to this issue in state court.

## CONCLUSION

For the foregoing reasons, the claims against the Montgomery County Police Headquarters will be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), Detective Krill's Motion to Dismiss will be GRANTED in that the claims against him will be DISMISSED WITHOUT PREJUDICE, and Powell's Motion for Appointment of Counsel will be DISMISSED AS MOOT. A separate Order shall issue.

Date: February 25, 2026

THEODORE D. CHUANG
United States District Judge